UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY B. SNELLING,<br><br>            Plaintiff,<br><br>            v.<br><br>EDGEWATER MENTAL HEALTH, MR.<br>SPIRROW, caseworker, DR. WILLIAMS,<br>director, SHANNON DERICO, case<br>manager, and MRS. CROCKETT, human<br>resources,<br><br>            Defendants. | CAUSE NO.: 2:23-CV-352-TLS-JEM |

**OPINION AND ORDER**

      Anthony B. Snelling, a Plaintiff proceeding without counsel, filed a Complaint [ECF No. 1] against Defendants Edgewater Mental Health, Mr. Spirrow, Dr. Williams, Shannon Derico, and Mrs. Crockett. He also filed a Motion to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the Plaintiff is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Motion to Proceed In Forma Pauperis. If the Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

      Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). The federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim, applying the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In his Complaint, the Plaintiff alleges that while living at the "Edgewater [Phoenix] building," his toilet did not work for 42 days and that he had bed bugs from February 3, 2022, to May 9, 2023. ECF No. 1 at 2. He alleges that during his stay there, he was hospitalized and almost died from three bites by brown recluse spiders. *Id.* The Plaintiff then alleges that Defendant Spirrow forced him to move to a new location, part of "the scattered sites program," where all seven of his windows had been shot out and glass was left on the windowpane. *Id.* He

alleges that he contacted Defendant Spirrow and a woman named Mrs. London because his door would not lock. *Id.* The Plaintiff alleges that Defendant Derico visited his new location on May 10, 2023, and saw the unsecured door. *Id.* He alleges that his house has been broken into five to six times since he moved in, and that six people have been shot, including one police officer shot in his door while the door was open. *Id.* The Plaintiff also alleges that Defendant Edgewater falsified a document "to over drug [him] as a solution for any and all the things [he] complained [of]." *Id.* at 3.

The Plaintiff requests that the Defendants find him safe living conditions, stop harassing him, continue to perform the duties of the scattered sites program, and pay damages resulting from not helping him. *Id.* He asks the Court to stop Defendant Edgewater from improperly using state funding for personal use and that Defendant Edgewater accommodate the people who the funding is for. *Id.*

It appears that the Plaintiff is bringing a claim under 42 U.S.C. § 1983 for a violation of constitutional rights. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Defendants in this case appear to be a private company[1] and its employees, and the Plaintiff has not alleged any facts that they were acting under color of state law or in concert with a state actor. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009) ("When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under color of state law."); *Johnson v. Dossey*,

---

[1] According to filings with the Indiana Department of State, a business entity named "Edgewater Systems for Balance Living, Inc.," which transacts business as "Edgewater Health," is registered as an Indiana Domestic Nonprofit Corporation. *See* INBiz, Business Search (https://bsd.sos.in.gov/publicbusinesssearch).

515 F.3d 778, 782 (7th Cir. 2008) (recognizing that a private actor may be held liable under § 1983 if that private actor conspired with a state actor to violate the plaintiff's civil or constitutional rights). Nor are the Defendants state actors merely because they receive state funding. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 832, 840 (1982) (concluding that a school's receipt of public funds, which accounted for at least 90% of its operating budget, did not make its decisions actions of the state); *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003) (rejecting the argument that a doctor and a hospital were state actors liable under § 1983 because they received state funding for clinical research). Because the Plaintiff has not shown that Defendants were acting under color of state law, the Plaintiff cannot state a claim for a § 1983 violation, and the Court dismisses the Plaintiff's § 1983 claims.

Reading the pro se Complaint liberally, the Plaintiff may also be bringing state law claims for negligence related to his allegations of bed bugs, spider bites, and criminal activity where he lived, or for battery because the Defendants would "over drug [him] as a solution for any and all the things [he] complained [of]." The Court's original subject matter jurisdiction over any state law claims must be premised on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See id.* § 1332(a)(1).

It is not clear from the allegations of the Complaint whether the Plaintiff and the Defendants are of diverse citizenship. Regardless, the amount in controversy requirement of $75,000 is not met. After alleging that his toilet did not work, that he had bed bugs, and that he was hospitalized for spider bites, the Plaintiff alleges that the Defendants were ordered, through small claims, to pay him $3,800. It is not clear whether the alleged payment is related to the toilet, bed bugs, or spider bites. Nonetheless, the Plaintiff does not specify whether he is

4

requesting damages beyond the alleged $3,800 payment that he has already received, nor does he specify the total damages he is requesting for his alleged injuries. The other relief requested by the Plaintiff—that the Court order the Defendants to find him safe living conditions, continue to perform the duties of the scattered sites program, and use their funding properly—is equitable. Because the amount in controversy is not met, the Court lacks original subject matter jurisdiction under 28 U.S.C. § 1332 over any state law claims against the Defendants.

Nevertheless, the Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 based on the Court's original jurisdiction to hear the federal constitutional claims. However, because the Court is dismissing the federal claims for failure to state a claim, the Court declines to exercise its supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until November 23, 2023, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by November 23, 2023, the Court will direct the Clerk of Court to close this case. If the Plaintiff does not file an amended complaint and the case is closed, the Plaintiff is permitted to pursue his claims in state court because the Court has declined to exercise jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) (explaining that when a district court dismisses the federal

claim conferring original jurisdiction before trial, the court may relinquish supplemental jurisdiction over any state law claims under § 1367(c)(3)).

## CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint [ECF No. 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff is granted up to and including November 23, 2023, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the November 23, 2023 deadline, the Court will direct the Clerk of Court to close this case without further notice and the Court will relinquish jurisdiction over any state law claims.

SO ORDERED on October 27, 2023.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT