UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHONY B. SNELLING, <br><br> Plaintiff, <br><br> v. <br><br> EDGEWATER MENTAL HEALTH, MR. SPIRROW, caseworker, DR. WILLIAMS, director, and SHANNON DERICO, case manager, <br><br> Defendants. | CAUSE NO.: 2:23-CV-352-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's second Motion to Proceed in Forma Pauperis [ECF No. 5], filed on November 20, 2023. On October 27, 2023, the Court denied the Plaintiff's first motion to proceed in forma pauperis and dismissed his original Complaint [ECF No. 1] without prejudice, granting leave to file an Amended Complaint that cures the deficiencies the Court identified with the original Complaint. ECF No. 3. On November 20, 2023, the Plaintiff filed a new Motion to Proceed in Forma Pauperis [ECF No. 5] and an Amended Complaint [ECF No. 4]. For the reasons set forth below, the Plaintiff's second Motion to Proceed in Forma Pauperis is denied, and the Plaintiff's Amended Complaint is dismissed without prejudice.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324

(1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In its October 27, 2023 Opinion and Order, the Court dismissed the Plaintiff's Complaint, finding that the Plaintiff failed to state a claim under 42 U.S.C. § 1983 because he had not alleged that the Defendants acted under color of law and the Court did not have subject matter jurisdiction over any state law claims. Having reviewed the Amended Complaint, the Court finds that the Plaintiff has not cured the deficiencies the Court identified in the original Complaint.

In his Amended Complaint, the Plaintiff reasserts that the Defendants mistreated him and failed to address complaints he lodged regarding his living conditions. On December 7, 2023, the Plaintiff filed an unsigned letter with the Court detailing his experience with the Defendants. ECF No. 7. In the letter, the Plaintiff elaborates on the poor living conditions and medications provided by the Defendants, describing circumstances that may amount to state law claims for negligence, battery, or breach of contract. The Plaintiff filed another letter with the Court on December 20, 2023, asking that the Court accept his signature in the new letter as his signature for his December 7, 2023 letter, and alleging that the Defendant's "Scattered Sites Program" could not pay rent on the Plaintiff's behalf because the Defendant had to pay a $1.25 million settlement after the Plaintiff filed a complaint with Indiana Medicaid. ECF No. 8.

Notwithstanding the Plaintiff's Amended Complaint and letters, the Plaintiff does not allege that the Defendants acted under color of state law as is required for § 1983 claims. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."). Nor are the Defendants state actors merely because they receive state funding. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 832, 840 (1982)

(concluding that a private school's receipt of public funds, which accounted for at least 90% of its operating budget, did not make its decisions actions of the state); *Norman v. Campbell*, 87 F. App'x 582, 584 (7th Cir. 2003) (rejecting the argument that a doctor and a hospital were state actors liable under § 1983 because they received state funding for clinical research). Thus, the Court must dismiss the Plaintiff's § 1983 claim for failure to state a claim.

Without a federal question such as a § 1983 claim before the Court, the Court's authority to hear the Plaintiff's case depends on the Court having diversity jurisdiction over any state law claims. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), (a)(1). As the party seeking this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). In the Court's October 27, 2023 Opinion and Order, the Court noted that it was not clear whether the Plaintiff and Defendants are of diverse citizenship for purposes of diversity jurisdiction or that the amount in controversy was greater than $75,000. In the Amended Complaint, the Plaintiff does not identify the citizenship of the parties, nor does he allege an amount in controversy greater than $75,000. Therefore, the Plaintiff has not met his burden of establishing the Court's subject matter jurisdiction under 28 U.S.C. § 1332 over any state law claims against the Defendants.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Plaintiff's second Motion to Proceed in Forma Pauperis [ECF No. 5] and DISMISSES without prejudice the Amended Complaint [ECF No. 4] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court relinquishes

supplemental jurisdiction over any state law claims that the Court may have had under 28 U.S.C. § 1367 based on the Court's original jurisdiction to hear federal constitutional claims.

SO ORDERED on December 21, 2023.

                                            s/ Theresa L. Springmann
                                           JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT